Eric ONYANGO, Appellant

v.

COMMISSIONER OF INTERNAL REVENUE Service, Appellee.

Nos. 14–1280, 14–1288.

United States Court of Appeals, District of Columbia Circuit.

March 22, 2016.

Eric Onyango, Chicago, IL, pro se.

Janet Arlene Bradley, Jonathan S. Cohen, U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

BEFORE: TATEL, BROWN, and GRIFFITH, Circuit Judges.

## JUDGMENT

PER CURIAM.

Upon consideration of the record from the United States Tax Court and on the briefs filed by the parties, *see* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j), it is

**ORDERED AND ADJUDGED** that the Tax Court's orders of June 24, 2014, and September 8, 2014, be affirmed. "The court must give great deference to the Tax Court's determination pertaining to the credibility of witnesses." *106 Ltd. v. C.I.R.*, 684 F.3d 84, 92 (D.C.Cir.2012) (quoting *Pasternak v. C.I.R.*, 990 F.2d 893, 900 (6th Cir.1993)). Appellant has not shown that the Tax Court clearly erred in discrediting portions of his trial testimony and finding that he "received" a notice of deficiency as that term is used in 26 U.S.C. § 6330(c)(2)(B). Because he received the notice of deficiency and did not file a timely challenge to that notice, appellant was barred from challenging his underlying tax liability. *See* 26 U.S.C. § 6330(c)(2)(B).

Nor was the Tax Court's denial of appellant's motion for reconsideration an abuse of discretion. *See Ark Initiative v. Tidwell*, 749 F.3d 1071, 1075 (D.C.Cir.2014) ("This court's review of the denial of reconsideration is typically limited to abuse of discretion...."). Appellant has not demonstrated that his medical records could not have been obtained prior to trial, and his failure to exercise reasonable diligence in attempting to obtain them does not render them "newly discovered evidence." *See Bain v. MJJ Productions, Inc.*, 751 F.3d 642, 647–48 (D.C.Cir.2014) (noting that evidence that could have been discovered prior to trial with "reasonable diligence" is not "newly discovered").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after

resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.